Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties are subject to the North Carolina Workers Compensation Act.
2. Plaintiffs injury allegedly occurred on 25 July 1998.
3. The employer-employee relationship existed between defendant-employer and plaintiff-employee on 25 July 1998.
4. The employer was insured by Transcontinental Insurance Company on 25 July 1998.
In addition, the parties stipulated into evidence a packet of medical records.
The Pre-Trial Order dated 12 July 1999, which was submitted by the parties, is incorporated by reference.
 ***********
Based upon the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was thirty-nine years old and had completed over a year of college credit. Plaintiff worked for defendant-employer for two years as an apprentice electrician. His duties included pulling wire through conduits, installing receptacles, lights and light switches, and occasionally digging so that wire could be installed underground.
2. In July 1998, defendant-employer was doing electrical construction work at North Carolina Weslyan College in Rocky Mount. Plaintiff was assigned to perform various tasks on that job. When the time came to run wire between the electrical panel in the building where the employees were working and the transformer on the light pole, the company decided not to send out the spool truck. Consequently, before going to the job site, plaintiff had to cut lengths of wire, curl them up, put them on a truck, and take them to the college. Plaintiff and a co-worker unloaded the wire and then used fishing line to pull the wire through the conduit between the light pole and the electrical panel.
3. The date that this occurred cannot be determined from the evidence, except that it happened sometime in the last two weeks of July. Plaintiff experienced some soreness in his back following the time that he pulled the wire through the conduit. He developed back pain the next morning, but the pain was not serious enough to warrant medical treatment, and he continued working his regular schedule.
4. On 25 July 1998, plaintiff and a co-worker installed approximately one hundred receptacles in the building. The receptacles were located sixteen inches from the floor, so plaintiff had to squat in order to install them. Plaintiff experienced increased back soreness by the end of that day. However, his symptoms were still not significant enough for him to seek medical treatment.
5. Plaintiff continued working the next week until 29 July 1998. He had continued to experience some soreness in his back. At some time on 29 July 1998, plaintiff suddenly developed severe back pain radiating down his leg. His activities prior to the onset of this severe pain were not disclosed by the evidence. Since he was having difficulty walking at that point, he reported the problem to his supervisor and went to the hospital for treatment.
6. Hospital personnel noted a date of injury as 29 July 1998. Plaintiff was treated for a back strain with medication and rest. He was subsequently referred to E. O. Marsigli, M.D., an orthopedic surgeon on 6 August 1998. Dr. Marsigli treated plaintiff conservatively with medication and physical therapy. However, plaintiffs symptoms persisted, so Dr. Marsigli ordered an MRI. The scan revealed evidence of ruptured discs at L3-4 and L4-5. After a discussion regarding surgical options, plaintiff elected to have a decompression of both interspaces without a fusion. Dr. Marsigli performed the operation on 11 September 1998. Plaintiff did not obtain a good result from the surgery and had only been released to return to work at light duty as of the date of hearing before the Deputy Commissioner.
7. Plaintiffs testimony before the Deputy Commissioner regarding the onset of his back soreness was somewhat confusing. Plaintiff described vague symptoms of back soreness which were not significant enough to warrant medical treatment until he experienced sudden severe back pain on 29 July 1998.
8. The hypothetical question regarding causation which was posed to Dr. Marsigli contained inaccuracies and incomplete facts. Contrary to the assertions in the hypothetical question, plaintiff did not lift and carry spools of wire and he installed about fifty receptacles, not one hundred and twenty. Furthermore, Dr. Marsigli was not advised that plaintiffs severe radiating pain developed suddenly many days after either of the work incidents described. Plaintiff did not explain either to Dr. Marsigli or to the Commission what he had been doing prior to the onset of his severe back pain. To the extent that Dr. Marsigli found plaintiffs back condition causally related to his job with defendant-employer, his opinion is not persuasive because he assumed facts not supported by the evidence regarding plaintiffs job duties and, more significantly, the onset of plaintiffs severe back pain.
9. The greater weight of the evidence fails to show that plaintiff sustained a back injury as the result of either a specific traumatic incident of the work assigned or an injury by accident arising out of and in the course of his employment with defendant-employer.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff failed to prove that he sustained an injury by accident arising out of and in the course of his employment with defendant-employer, or as a result of a specific traumatic incident of the work assigned. G.S. 97-2(6).
2. Plaintiff is not entitled to benefits under the Act. G.S. 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiffs claim for compensation benefits under the Act is DENIED.
2. Each side shall pay its own costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
RCR:db